UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

WILFREDO GONZALEZ,

              Defendant.

16-CR-826-LTS

---

MEMORANDUM ORDER

The Court has received Defendant Wilfredo Gonzalez's pro se motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) (docket entry no. 609, Ex. A (the "Motion")), as well as the Government's opposition (docket entry no. 617 ("Gov. Opp.")), and Mr. Gonzalez's reply ("Def. Reply")).[1] The Court has considered carefully the parties' submissions and arguments and, for the following reasons, the Motion is denied in its entirety.

BACKGROUND

In October 2018, Mr. Gonzalez pleaded guilty to a lesser included offense, conspiring to distribute heroin in violation of 18 U.S.C. sections 846 and 841(b)(1)(C). (Docket entry no. 273, Presentence Investigation Report ("PSR") at 1.) Along with his co-defendant Rene Ruiz, Mr. Gonzalez was the leader of a Bronx drug trafficking organization ("Bronx DTO"); he supplied heroin to its members, and in exchange they provided him a cut of the proceeds. (PSR ¶ 44; see Gov. Opp. at 1.) Under the terms of the plea agreement, Mr. Gonzalez admitted that, in connection with his offense: (1) he participated in the drug trafficking conspiracy for approximately six years; (2) he was a leader of the Bronx DTO and possessed a

---

[1] Although citations are to documents filed on the public docket, the Court also received and reviewed the unredacted versions of Mr. Gonzalez's Motion and the Government's Opposition.

dangerous weapon (each of which increased his offense level calculation under the Sentencing Guidelines); (3) he was responsible for distributing between 10 and 30 kilograms of heroin; and (4) he participated in two robberies of local law-abiding businesses (neither of which affected his offense level calculation).  (Plea Agreement at 2-3; see also PSR ¶ 18; docket entry 377 ("Sentc. Tr.") at 19:17-21.)  Mr. Gonzalez also stipulated that, pursuant to U.S.S.G section 4B1.1(a), he is a "career offender," but that because his otherwise applicable offense level (40) was higher than the "career offender" offense level (32), the latter did not apply.  (Plea Agreement at 3; see also U.S.S.G. § 4B1.1(b).)  Although Mr. Gonzalez's subsequent Guidelines range yielded a custodial sentence of 360 months' to life imprisonment, the statutory maximum for the count of conviction controlled, and accordingly his stipulated Guidelines custodial sentence was 240 months' imprisonment.  (PSR ¶ 18.)

        In May 2019, the Court sentenced Mr. Gonzalez to 156 months' imprisonment, to be followed by five years of supervised release.  (See docket entry no. 350.)  Mr. Gonzalez, who has been in custody since his arrest in February 2017, is presently incarcerated at Federal Correctional Institution ("FCI") Ray Brook (a medium security facility in New York) and scheduled for release on March 8, 2027.  Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited October 18, 2023) [https://perma.cc/4JWY-VYVY].

        In the instant motion, Mr. Gonzalez requests immediate release to care for his ailing mother, and because of his susceptibility to contracting COVID-19 at FCI Ray Brook, his mental health struggles while in custody, and his rehabilitation.

DISCUSSION

Mr. Gonzalez moves for a reduction in his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 118-19).  The Court thus considers (1) whether the defendant has exhausted his administrative remedies,[2] (2) "the factors set forth in section 3553(a) to the extent they are applicable," and (3) in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction.[3]  The Court may consider "the full slate of extraordinary and compelling

---

[2] On May 14, 2020, the Bureau of Prisons ("BOP") denied Mr. Gonzalez's application for compassionate release, in which he requested release so that he could care for his mother, who had contracted COVID-19.  (Motion, Ex. A.)  Mr. Gonzalez contends in his reply that he filed the instant motion three years later because of his mother's medical decline and the harsh conditions at FCI Ray Brook.  (Reply at 10.)  The Government notes this delay and that Mr. Gonzalez's arguments in his BOP request are factually distinct from those he asserts now, but it does not seek dismissal based on failure to exhaust administrative remedies under the statute.  (Gov. Opp. at 4.)  Therefore, the Court proceeds directly to the merits of the Motion.

[3] The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established [under the applicable Sentencing Guidelines]; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is

reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The only statutory limit" on this discretion is that "rehabilitation alone shall not be considered an extraordinary and compelling reason."  Id. at 237-38 (quoting 28 U.S.C. § 994(t)).  "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Court's consideration of each of the section 3553(a) factors at the time of Mr. Gonzalez's sentencing hearing, on May 8, 2019, is reflected in the transcript of that hearing.  In imposing a sentence of 156 months' imprisonment, the Court considered, among other things, the seriousness of the offense (which involved distributing enormous quantities of heroin, as well as robberies that "created a great risk of harm to others"), and the need for specific deterrence (noting that Mr. Gonzalez had engaged in criminal activity since he was 16 years old, and was "apparently undeterred by prior sentences"), as well as several mitigating factors, such as his difficult upbringing, his family ties and support network, his constructive behavior while in custody, his age (40, at the time of sentencing), and the need to avoid unwarranted disparities among similarly situated defendants (noting that his co-leader, Mr. Ruiz, was sentenced to 156 months' imprisonment).  (Sentc. Tr. 19-23.)

In the time that has elapsed since Mr. Gonzalez's sentencing, it appears that these factors and circumstances remain relatively unchanged.  Accordingly, with these section 3553(a)

---

sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense."  18 U.S.C.A. § 3553(a) (Westlaw through P.L. 118-19).

factors in mind, the Court next considers whether Mr. Gonzalez has now carried his burden of showing that extraordinary and compelling reasons warrant a reduction in his sentence.

Mr. Gonzalez's proffered justifications for a reduction in sentence can be grouped into four categories: (1) his susceptibility to COVID-19, especially in light of the challenging conditions of confinement at FCI Ray Brook; (2) his mental health struggles and an alleged lack of available care at FCI Ray Brook; (3) his rehabilitation, and (4) his assertion that he is the only caregiver for his ailing mother, who is 84 years old. The Court addresses each category in turn and, for the following reasons, concludes that, standing alone or considered in tandem, they do not constitute extraordinary and compelling reasons to modify Mr. Gonzalez's sentence.

At the outset, the Court notes that Mr. Gonzalez's arguments with respect to the conditions at BOP facilities and at FCI Ray Brook are largely generalized—that is, they focus on how the federal prison system and FCI Ray Brook have struggled to keep incarcerated persons and staff safe from the risks posed by COVID-19. (Motion at 7-11, 16-19.) Generalized statements regarding prison conditions that are "untethered to compelling specifics of the defendant's particular circumstances do not make the defendant's conditions extraordinary and compelling." United States v. Santana, No. 12-CR-790-PAE, 2023 WL 2625790, at *4 (S.D.N.Y. Mar. 24, 2023); see also United States v. Butler, No. 18-CR-834-10-PAE, 2022 WL 17968627, at *3 (S.D.N.Y. Dec. 27, 2022) (denying compassionate release of defendant who has "not demonstrated concretely that the prison conditions he face[s] . . . [are] especially severe, so as to rise to the level of extraordinary and compelling circumstances justifying early release"). To the extent that Mr. Gonzalez contends that his health—his prior cigarette and marijuana use and history of hypertension—puts him at heightened risk of contracting COVID-19, the Court

notes that Mr. Gonzalez is "fully vaccinated and boosted" against the virus.  (Motion at 11.)  Although vaccinated individuals remain vulnerable to new infections and new COVID-19 variants, "any risk that [Mr. Gonzalez] may become severely ill from COVID-19 has been significantly reduced."  United States v. Delgado, 582 F. Supp. 3d 136, 140 (S.D.N.Y. 2022).  Moreover, when a defendant argues that his medical condition supplies a basis for immediate release, the existence of "extraordinary and compelling reasons" turns on the severity of the condition and its responsiveness to treatment in the correctional environment.  See id. at 141.  That standard is demanding.  See, e.g., United States v. Gileno, 448 F. Supp. 3d 183, 187-88 (D. Conn. 2020) (collecting cases and stating that "[c]ourts grant sentence modifications or reductions based on defendants' medical conditions where those conditions are extremely serious, if not life-threatening").  Mr. Gonzalez's physical ailments, although troubling, are not sufficiently grave to establish extraordinary and compelling reasons justifying a reduction in sentence.

        For similar reasons, Mr. Gonzalez's next argument—that he suffers from PTSD and that FCI Ray Brook is unable to provide him appropriate care—does not establish extraordinary and compelling reasons under the statute.  Mr. Gonzalez provides no documentation of his PTSD diagnosis, and the Court cannot assess the severity of his claims based solely on his assertions.  However, the Court is aware, as it was at sentencing, of the serious trauma that Mr. Gonzalez suffered earlier in his life—two half-siblings were murdered in 1989 and 1990, and a third succumbed to an overdose in 2009.  (PSR ¶ 86.)  The Court sympathizes with Mr. Gonzalez's plight and recognizes that confinement in a correctional institution presents unique challenges to an incarcerated person's mental health.  Although the Court appreciates, as Mr. Gonzalez argues, that his incarceration during the pandemic has

exacerbated his mental health struggles (Motion at 20-23), "that is unfortunately true for all incarcerated persons," and thus does not constitute extraordinary and compelling warranting a sentence reduction.  See, e.g., United States v. Hough, No. 19-CR-873-LGS, 2022 WL 16555310, at *3 (S.D.N.Y. Oct. 31, 2022).  The Court also notes that while Mr. Gonzalez claims that that there is no psychologist at FCI Ray Brook, he also asserts that he is on "multiple waiting lists for psychological treatment."  (Motion at 20-21.)  The Court commends the Government for conducting outreach to BOP counsel concerning Mr. Gonzalez's representation that he has been unable to receive mental health treatment and encourages Mr. Gonzalez to follow the applicable procedures at FCI Ray Brook for engaging with personnel who deliver counseling and other mental health services.

        Mr. Gonzalez next argues that his rehabilitation should weigh in favor of finding extraordinary and compelling reasons warranting a reduction in sentence.  As previously stated, "the only statutory limit" on a district court's discretion to reduce a sentence is that "rehabilitation alone shall not be considered an extraordinary and compelling reason."  United States v. Brooker, 976 F.3d 228, 237-38 (quoting 28 U.S.C. § 994(t)).  The Court commends Mr. Gonzalez for his post-sentencing conduct; his attached "FSA [First Step Act] Recidivism Risk Assessment" indicates no serious disciplinary infractions, and the completion of 26 FSA programs.  (Motion, Ex. C)  The Court previously acknowledged Mr. Gonzalez's efforts at self-improvement at his sentencing (at which time he had undertaken numerous programs to gain life skills while detained), which factored into the Court's decision to vary below the advisory guidelines range.  (Sentc. Tr. at 22.)  As the statute makes clear, however, rehabilitation cannot serve as an independent basis to reduce a defendant's sentence, and thus Mr. Gonzalez's

efforts—while worthy of praise and continued encouragement—do not establish extraordinary and compelling reasons.

Mr. Gonzalez last argues that he ought to be immediately released because he is the only caregiver for his ailing mother, who he asserts is "incapacitated." (Motion at 24-26.) As Mr. Gonzalez acknowledges, the Court was aware of his mother's declining health before and at sentencing. (Id. at 26.) He contends that her condition has since declined further and attaches medical records corresponding with her clinic visits in November 2022. As the Guidelines currently read, provided that a defendant is not a danger to the safety of any other person or to the community, extraordinary and compelling reasons exist upon the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, Application Note 1(C). Despite this application note, courts have extended its principles and exercised their discretion under the statute to assess arguments concerning other family members, such as parents. See, e.g., United States v. Ayala, No. 16-CR-809-VM, 2020 WL 6626015, at *1 (S.D.N.Y. Nov. 12, 2020); United States v. Yoda, No. 15-CR-95-AJN, 2020 WL 5502325, at *2 (S.D.N.Y. Sept. 11, 2020). The Court notes that the upcoming amendments to the Guidelines, to be effective on November 1, 2023, will reconcile this discrepancy. See, e.g., Amendments to the Sentencing Guidelines 10, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last visited October 18, 2023) ("The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.") [https://perma.cc/ZY44-MP53].

Turning to Mr. Gonzalez's argument, the evidence before the Court is insufficient to demonstrate either the severity of his mother's health conditions or that he is the only

caregiver available to her.  Indeed, when a defendant argues that his family circumstances warrant a sentence reduction, courts generally require a showing of "evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions, before concluding that an extraordinary and compelling reason has been established." United States v. Lindsey, No. 13-CR-271-LTS, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021), reconsideration denied, No. 13-CR-271-LTS, 2021 WL 2186975 (S.D.N.Y. May 28, 2021) (internal quotation marks, alterations, and citations omitted).  In contrast to Mr. Gonzalez's contention, the records he provides indicate that, on November 23, 2022, his mother underwent a neurological exam, in which her mental and physical faculties were recorded as "normal."  Moreover, he offers no evidence that he is her only available caregiver.  Therefore, without additional information, the Court cannot conclude that Mr. Gonzalez's mother's health conditions are severe enough to require the services of a caregiver, let alone that Mr. Gonzalez is the only option to deliver that care.  The Court acknowledges that Mr. Gonzalez's mother is suffering, and it has the deepest sympathy for her circumstances.  As is often the case when a defendant enters the criminal justice system, the impact extends to many who do not warrant punishment.  Accordingly, the Court was sensitive to and considered Mr. Gonzalez's mitigating circumstances, including his mother's ailing health, at the time of his sentencing.

In sum, Mr. Gonzalez's motion has not established extraordinary and compelling circumstances that justify revisiting the Court's prior analysis of the section 3553(a) factors, and those factors continue to support the sentence initially imposed by the Court.  Mr. Gonzalez has served approximately half of his below-guidelines sentence of 156 months' imprisonment.  See United States v. Bullock, 833 F. App'x 934, 935 (3d Cir. 2021) (denial of compassionate release appropriate in light of the defendant's significant criminal history and the "substantial time

remaining to be served on [his] sentence"). While the Court commends the efforts that Mr. Gonzalez has taken to rehabilitate himself while incarcerated, and recognizes that the conditions of his confinement may have been more restrictive than usual and that his family circumstances continue to pose hardship, these factors are insufficient to meet the high threshold of "extraordinary and compelling reasons," and—especially when weighed against the serious nature of the offense and the substantial time remaining on his sentence—do not warrant a reduction in sentence.

## CONCLUSION

Based on the foregoing, Mr. Gonzalez's motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) is denied. The Court will contemporaneously enter a form Order on Motion for Sentence Reduction Under 18 U.S.C. section 3582(c)(1)(A), certifying the denial of the Motion. Chambers will mail a copy of this Order and the Order on Motion to Mr. Gonzalez.

SO ORDERED.

Dated: New York, New York  
      October 19, 2023

    /s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
Chief United States District Judge

**Copy to be Mailed to**:  
Wilfredo Gonzalez  
78696-054  
FCI Ray Brook  
Federal Correctional Institution  
P.O. Box 900  
Ray Brook, NY 12977